**STATE of Maine**

v.

**Paul POWERS.**

Supreme Judicial Court of Maine.

Argued June 1, 1992.
Decided June 26, 1992.

Michael Cantara, Dist. Atty., David Gregory, of counsel (orally), Alfred, for State.

Robert A. Levine (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The defendant, Paul Powers, appeals from the judgments of conviction entered in the Superior Court (York County, *Brodrick, J.*) on jury verdicts finding him guilty of unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1991) and gross sexual assault, 17–A M.R.S.A. § 253 (Supp. 1991).[1] Powers contends that: 1) his confessions were not voluntary and should have been suppressed; 2) evidence of his previous false confession to the crime of burglary on a prior occasion was improperly excluded; 3) his motion to acquit based on the insufficiency of the evidence was improperly denied; 4) he was improperly denied an opportunity to establish bias through cross-examination of the State's witnesses concerning the status of the case against another alleged perpetrator; and 5) the inconsistency of the jury's verdicts finding him guilty on one count of gross sexual assault and not guilty on one count of gross sexual assault entitles him to a new trial. We find no error in the record and affirm the judgments.

Powers served as the live-in babysitter at the home of the two and one-half-year-old victim. The Department of Human Services initiated an investigation after the victim complained to his grandmother that his fifteen-year-old stepbrother had sexually abused him. During the investigation, the victim disclosed incidents in which he was sexually abused by both his minor stepbrother and Powers. After initially denying the allegations in a series of contacts with the police, Powers confessed to the abuse of the victim but later retracted the confession. To the charge of three counts of gross sexual assault and one count of unlawful sexual contact Powers entered a not guilty plea. After the close of the State's case at the trial of the charges, the court granted Powers's motion for acquittal as to one count of gross sexual assault. The jury found Powers guilty of the charged unlawful sexual contact and one count of gross sexual assault, and Powers appeals.

■ Powers first contends that the court erred by finding that the State has met its burden of proof that his statements to the police officers were voluntary. The trial court's finding that the statements were voluntary is reviewed for clear error and "will not be overturned if the evidence rationally supports that determination." *State v. Bragg,* 604 A.2d 439, 440 (Me. 1992). At the suppression hearing there was evidence before the court that: 1) Powers came to the police station voluntarily and was not in custody; 2) he was advised of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); 3) he was repeatedly admonished to tell only the truth about what happened; 4) he made certain inculpatory statements orally and thereafter carefully dictated a statement that was reduced to writing, which he reviewed and corrected before signing; and the interview lasted approximately one and one-half hours. Powers presented no evidence that the police were at any time hostile or abusive. On this record, the court's finding that Powers's inculpatory statements were voluntary beyond a reasonable doubt is not clearly erroneous.

■ Powers next contends that the trial court erroneously excluded evidence of the circumstances of his false confession to a prior charged offense. He argues that such evidence would establish a pattern of behavior by Powers to falsely confess

---

**1.** In their relevant parts the statutes provide:

1. A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:

. . . .

B. The other person, not the actor's spouse, has not in fact attained the age of 14 years.

17–A M.R.S.A. § 253 (Supp.1991).

1. In this chapter the following definitions apply.

. . . .

C. "Sexual act" means:

(1) Any act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other;

. . . .

A sexual act may be proved without allegation or proof of penetration.

17–A M.R.S.A. § 251 (1983 & Supp.1991).

when subjected to police interrogation concerning a criminal offense. We disagree. The trial court properly determined that Powers must offer some evidentiary foundation establishing the relevance of his false confession of burglary committed approximately two years prior to his confession to the present alleged incidents. The only evidence proffered by Powers in that regard was that he had stopped denying his involvement in the present alleged offenses because "[w]ell, I had thought enough of the questioning and I had just felt that the sooner that it's just over with the better for everybody. So I just said I did it." There was no evidence offered by Powers, either by his own testimony or any offer of an expert's testimony, that Powers had an inner compulsion to confess to crimes he had not committed or that would link his prior false confession to the confession in this case. Accordingly, on this record we find no error in the trial court's ruling. *See* M.R.Evid. 402, 403; Field & Murray, *Maine Evidence* §§ 402.1–403.3 at 57–62 (1976).

■ Powers also contends that the State failed to establish the *corpus delicti* independent of any admission or confession of Powers. He argues that because the victim's testimony related only to conduct of Powers that would constitute unlawful sexual contact, the trial court erred in denying his motion for acquittal as to the remaining two counts of gross sexual assault. We disagree. For the State's case to withstand a motion for acquittal in the instant case, the *corpus delicti* rule requires that independent of any post-crime admissions or confessions made by Powers, the State must prove to a probable cause standard that the victim suffered the charged offenses by the criminal conduct of another. The State must also establish beyond a reasonable doubt, considering all its evidence including any post-crime admissions or confessions of Powers, that it was Powers who committed the charged offenses. *State v. Libby*, 546 A.2d 444, 451 (Me.1988); *State v. Chapman*, 496 A.2d 297, 303–04 (Me.1985); *State v. Rowe*, 479 A.2d 1296, 1299–1300 (Me.1984).

■ Here, in addition to the victim's testimony, the State's expert Dr. Lawrence Ricci testified that his examination of the victim revealed rectal scarring most consistent with penile penetration. Dr. Ricci's testimony was sufficient to establish probable cause that someone had engaged in a sexual act with the victim and thus met the initial requirement of the *corpus delicti* rule. *See State v. Cruz*, 594 A.2d 1082, 1084–85 (Me.1991) (medical examiner's opinion ruled out noncriminal agencies). Detective Michael McAlevey testified that Powers orally confessed to two incidents involving contact between his genitals and the victim's anus. Clearly this testimony together with that of Dr. Ricci and Powers's written confession is sufficient to meet the second requirement of the *corpus delicti* rule. The court properly allowed the two remaining counts of gross sexual assault to be submitted to the jury for its decision.

■ Nor did the court abuse its discretion in not allowing Powers to cross-examine the police officers as to the status of the prosecution, if any, of the victim's minor half brother for the alleged purpose of establishing the bias of the victim's mother. He argues that she attempted to absolve her guilt for not having the custodial care of the victim by coaching the victim to blame Powers so that somebody would be convicted of the charged offenses. The mother's testimony provided only objective information concerning the victim's living arrangements, his general health and the manner in which she learned of the allegations of sexual abuse. Powers stated he could offer no expert testimony to support his theory. The law is well established that any proffered evidence may be excluded if the trial court determines, as it did here, that it would simply confuse the issues or mislead the jury. *See Fuller v. Central Maine Power Co.*, 598 A.2d 457, 461 (Me.1991) (court's decision to exclude evidence under M.R. Evid. 403 is reviewable only for an abuse of discretion).

■ Nor do we agree with the final contention of Powers that because the jury found him guilty of only one of the two

counts of gross sexual assault submitted to it, his conviction of gross sexual assault should be vacated. Although the jury heard McAlevey's testimony that Powers had confessed to two incidents, the written confession of Powers recounts a single incident of gross sexual assault. Dr. Ricci's testimony about rectal scarring addressed the fact of the occurrence but not the number of the occurrences. On this evidence the jury rationally could find the written statement of Powers to be more reliable than evidence of the oral confession, and accordingly, could find Powers guilty of but one count of gross sexual assault. *See State v. Smith,* 456 A.2d 1 (Me.1983) ("any issues as to witness credibility or the weight of testimony lie within exclusive province of jury.")

The entry is:

Judgments affirmed.

All concurring.