### In re SHAWN H.

Supreme Judicial Court of Maine.

Argued Nov. 1, 1995.
Decided Dec. 6, 1995.

David M. Sanders, (orally), Livermore Falls, for Appellant.

Andrew Ketterer, Attorney General, Michael C. Kearney, (orally), Nora Sosnoff, Christina M. Hall, Assistant Attorneys General, Augusta, Ronald G. Aseltine, Guardian Ad Litem, Wilton, for Appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

The mother of Shawn H. appeals from a judgment entered in the Superior Court (Franklin County, *Mills, J.*) affirming a child protective order entered in the District Court (Farmington, *Clapp, J.*) awarding custody of Shawn to the Department of Human Services ("DHS"). The mother argues on appeal that the court erred in finding that Shawn is in jeopardy in her care. She contends that 22 M.R.S.A. § 4002(6) (1992) requires a finding that the custodial parent is at fault or is responsible for creating the jeopardy that necessitated the protective order. Finding no error in the courts' interpretation of the statute, we affirm the judgment.

The facts may be briefly summarized as follows: In 1992, Shawn's mother contacted DHS because she could not control her son's violent conduct. Shawn, who is now nine years old, has a history of extreme behavior. He starts fires and he throws tantrums during which he kicks, spits, bites, and uses cords as whips. His tantrums occur daily and four to five adults are required in order to restrain him during these episodes. He has sexually abused a three year old child. Shawn has been diagnosed with post-traumatic stress syndrome, major depression, oppositional defiant disorder, and attention deficit hyperactivity disorder. While in state custody, Shawn has been housed in an out of state residential center. After preliminary and interim orders, in July of 1993 the District Court issued a protective order providing that Shawn would remain in the custody of DHS until the mother found independent housing.

Thereafter, she notified DHS that she had secured housing and requested Shawn's return. DHS concluded that Shawn required continued residential care and responded by filing a motion for emergency judicial review. After hearing, the court ordered Shawn to remain in the custody of DHS because he continued to be in need of a protective order. After unsuccessfully appealing to the Superior Court, the mother filed the present appeal.

■ A court may issue a final protection order only after it determines that continued custody with the parent places the child in "circumstances of jeopardy to his health or welfare." 22 M.R.S.A. § 4035(2) (1992). The statute defines jeopardy as follows:

"Jeopardy to health or welfare" or 'jeopardy" means serious abuse or neglect, as evidenced by:

A. Serious harm or threat of serious harm;

B. Deprivation of adequate food, clothing, shelter, supervision or care, including health care when that deprivation causes a threat of serious harm;

22 M.R.S.A. § 4002(6)(A), (B).

"Serious harm" means:

B. Serious mental or emotional injury or impairment which now or in the future is likely to be evidenced by serious mental,

behavioral or personality disorder, including severe anxiety, depression or withdrawal, untoward aggressive behavior, seriously delayed development or similar serious dysfunctional behavior;

22 M.R.S.A. § 4002(10)(B).

The mother interprets these sections as requiring that a parent be found responsible for creating jeopardy in order for a protective order to issue for the child. We disagree.

 Many, if not most, protective orders are premised on a lack of parental responsibility or fitness. Frequently, the parent is directly responsible for creating the circumstances that place the child in jeopardy. The statute, however, is designed to protect children from circumstances that threaten serious harm, and the defined interest of the state is not confined to those circumstances that are the fault of the parent.

In the present case all would agree that the mother's efforts to deal with Shawn's extreme needs are commendable. The record is clear that she has availed herself of many programs in order to gain the skills necessary to respond to her son's behavior. The court concluded, however, that at present Shawn requires more than any one parent can provide. Five adults must be available to him twenty-four hours per day to deal with the danger that he poses to himself and to others. The mother's inability to protect Shawn from harm is all that the statute requires. *See In re Dean A.,* 491 A.2d 572, 574–75 (Me.1985).

We reject the mother's remaining argument that because the court specifically found that she was not an unfit parent, its decision violates substantive due process. The case of *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) involves the termination of parental rights rather than an order for protective custody, and it lends no support to the argument advanced.

The entry is:

Judgment affirmed.

All concurring.