**In re COLBY E.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 21, 1995.
Decided Dec. 18, 1995.

Anthony K. Ferguson, Jennifer Nichols Ferguson, Fales & Fales, Lewiston, for Appellant.

Christine Foster, Assistant Attorney General, Department of Human Services, Portland, for Appellee.

Anne Pomroy, Old Orchard Beach, for Intervenors Harrison.

**152**

Thomas Smith, Harrison, Guardian Ad Litem.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

WATHEN, Chief Justice.

Franklin Knight, Jr. appeals from a judgment of the District Court (Portland, *Sheldon, J.*) terminating his parental rights as to his son, Colby E. On appeal, he argues *inter alia* that the District Court erred as a matter of law in finding that the emotional damage Colby risked if removed from his foster home could constitute "jeopardy" within the meaning of 22 M.R.S.A. § 4002 (1992), and that termination could be ordered even though such jeopardy did not result from any wrongdoing on his part. Finding no error, we affirm the judgment.

■ Colby E., now five-and-one-half years old, has been in protective custody and has resided in the same foster home since he was nineteen months old. In the first nineteen months of his life, he was introduced into four different homes. The court found that if removed from the stable environment provided by his present foster home, Colby would likely suffer severe emotional trauma and be inhibited in his ability to form strong personal attachments in the future. This factual finding is fully supported by the record. The consequences of prolonged placement in foster care highlight the need for prompt and faithful adherence to court-ordered reunification. Nonetheless, the emotional difficulties that may attend foster care are included within the statutory definition of jeopardy. We have previously upheld a finding of jeopardy when a child, already vulnerable from earlier abuse and instability, faced "developmental regression of serious magnitude" if removed from his stable foster home. *In re Dean A.*, 491 A.2d 572 (Me.1985). *See also In re Christopher J.*, 505 A.2d 795, 798 (Me.1986) (removal of child from established foster home could severely damage child's emotional well being).

■ The court correctly rejected petitioner's additional argument that a causative connection between the circumstances giving rise to the jeopardy and the conduct of the parent is required. The statutory provision for terminating parental rights refers to a parent who is "unable to protect the child from jeopardy." 22 M.R.S.A. § 4055 (1992 & Supp.1994). We have construed the term "unable" as "synonymous with incapable, and, as employed in its relevant statutory context, to mean that a parent is incapable, for whatever reason...." *In re John Joseph V.*, 500 A.2d 628, 630 (Me.1985). The State is not required to prove that the parent is the cause of the child's jeopardy, or that the parent is generally unfit. The inquiry is whether the parent can protect the child from those circumstances that either will cause or threaten serious harm. *See In re Shawn H.*, 667 A.2d 1377, 1379 (Me.1995), *see also In re Christopher J.*, 505 A.2d 795, 800 (Me.1986).

The remaining issues are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.