1998 ME 99

## In re NATHANIEL B. et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 8, 1998.

Decided May 5, 1998.

Karen JM Mitchell, Augusta, for appellants (father).

Pamela J. Ames, Waterville, for appellants (mother).

Lawrence P. Bloom, Skowhegan, Guardian ad Litem.

Andrew Ketterer, Attorney General, Marci A. Alexander, Pat Stevens, Janice S. Stuver, Asst. Attys. Gen., Augusta, for appellee.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] The parents of Nathaniel B. appeal from the judgment of the District Court (Skowhegan, *Cote, J.*) terminating their parental rights. The mother also appeals from the termination of her parental rights to her child Joseph G. They assert that the court erred by applying an inappropriate time period when determining parental unfitness, and that there was insufficient evidence to support the court's findings of parental unfitness. We disagree and affirm the court's judgment.

[¶ 2] The court may order termination if it finds, by clear and convincing evidence, that termination is in the best interests of the child and, either:

(i) The parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs;

(ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs;

(iii) The child has been abandoned; or

(iv) The parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041.

22 M.R.S.A. § 4055(1)(B)(2)(a), (b) (1992).

[¶ 3] The two children were removed from their home by the Department of Human Services in July 1994. The court held a hearing on the Department's petition for a child protection order in January 1996. At that time the court found that the children were in circumstances of mental and emo-tional jeopardy, and it issued the child protection order.

[¶ 4] During the nearly 19 months between the removal of the children from the home and the issuance of the child protection order, the parents' visitation with the children was suspended because they refused to cooperate in reunification efforts and they failed to participate in necessary services provided by the Department. At one point the father threatened a Department worker with physical harm.

[¶ 5] The parents argue that the court should not have considered their actions over the entire course of the child protection proceedings when assessing their parental fitness. Rather, they assert that the court should have looked only at their actions after it issued the child protection order.

[¶ 6] We have held that, while the inquiry concerning parental unfitness pursuant to sections 4055(1)(B)(2)(b)(i) and (ii), concerning the parents' inability or unwillingness to protect the children from jeopardy and to take responsibility for the children, is prospective, the evidence to be considered is retrospective. *In re Leona T.,* 609 A.2d 1157, 1159 (Me.1992). As to section 4055(1)(B)(2)(b)(iv), concerning the parents' failure to rehabilitate and reunify, its plain meaning requires the court to undertake a retrospective analysis. There is nothing in the statute, and nothing in our past decisions, that limits the temporal scope of the court's examination of evidence to any particular period. We decline to impose such a limit.

[¶ 7] The parents' contention that the court's findings of parental unfitness were not supported by clear and convincing evidence does not warrant substantial discussion. They argue that the court should not have considered the emotional and psychological harm that would occur if the children were taken out of their foster home as jeopardy within the meaning of section 4055(1)(B)(2)(b)(i). Contrary to that contention, we have held that "the emotional difficulties that may attend foster care are included within the statutory definition of jeopardy." *In re Colby E.,* 669 A.2d 151, 152 (Me.1995).

[¶ 8] Turning to their general challenge to the sufficiency of the evidence, the court reasonably could have been persuaded that the required factual findings necessary for termination of parental rights were proved to be highly probable. *In re Ashley A.,* 679 A.2d 86, 89 (Me.1996).

The entry is:

Judgment affirmed.