2003 ME 76

**In re TABITHA R. et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: May 29, 2003.
Decided: June 12, 2003.

James M. Dunleavy, Esq., Dunleavy Law Offices, P.A., Luke M. Rossignol, Esq., Hardings Law Offices, Presque Isle, for appellants.

G. Steven Rowe, Attorney General, Matthew E. Pollack, Asst. Attorney General, Heidi D. Silver, Asst. Attorney General, Augusta, for appellees.

Michael Carpenter, Esq., Houlton, Guardian ad Litem.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] The mother of Tabitha R., Linda T., and Tiffany R. and the father of Tiffany R. appeal from an order of the District Court (Presque Isle, *Griffiths, J.*) finding that the children are in circumstances of jeopardy to their health and welfare and awarding custody to the Department of Human Services. *See* 22 M.R.S.A. §§ 4035–4036 (1992 & Supp.2002). We reject the mother's argument that the evidence was insufficient to support the court's order, and we affirm the judgment with regard to her. We vacate the judgment with regard to Tiffany's father, however, because the court's factual findings do not support the conclusion that Tiffany would be in jeopardy if placed in her father's custody.

## I. BACKGROUND

[¶ 2] In July 2002, the court granted an ex parte preliminary protective order awarding custody of Tabitha, Linda, and Tiffany to DHS. The mother and Tiffany's father were served and waived their right to a summary preliminary hearing. (The legal father of Tabitha and Linda is deceased.) At the jeopardy hearing in November, which lasted five days, DHS's main witness was seventeen-year-old Tabitha. Tabitha testified that her mother was physically and emotionally abusive to her and, even more so, to her sister Linda, who was fifteen years old at the time of the hearing. Tabitha also described her mother's serious addiction to prescription drugs. She did not testify that the mother had physically abused Tiffany, age ten, but stated that Tiffany became afraid and hid in a closet during fights in the home. Several witnesses corroborated Tabitha's account of the mother's drug abuse and abusive behavior both before and after the family moved to northern Maine from Massachusetts in March 2002.

[¶ 3] Tiffany's father and mother married after she became pregnant with Tiffany, but they lived together for only two weeks. She alleged that he assaulted her while she was pregnant, which he denied. There was conflicting evidence about how much contact the father had with Tiffany during the first two years of her life, but it was undisputed that he had no contact with her for several years after he and the mother divorced in 1994. The Massachusetts divorce judgment awarded the mother "sole legal and physical care and custody" of Tiffany. Thereafter, the father never sought a court order requiring visitation. He testified that he did not seek visitation because he was afraid that the mother would falsely accuse him of sexual abuse. There was evidence that she had made such accusations against four other people.

[¶ 4] At the mother's invitation, the father began attending Tiffany's soccer games when she was seven or eight years old. He and his brother regularly visited Tiffany from then until the mother moved her to Maine in 2002, and then again after DHS took custody. The father testified that he had seen the mother use drugs

before they were dating and knew that she had been in drug rehabilitation a couple of years before Tiffany was born. He denied having any knowledge of the mother's continuing drug addiction or her abusive behavior toward her daughters, and there was no evidence to the contrary. There was conflicting evidence on whether the father may have had a drinking problem in the past, but he testified that he no longer drinks. The father and his brother testified that they live with their parents in a stable home in a good neighborhood in Massachusetts, and that their family supports his taking custody of Tiffany. The DHS caseworker, the guardian ad litem, and the foster mother testified that the father has been completely cooperative since DHS took custody of Tiffany, driving to northern Maine every other weekend to visit Tiffany, and that Tiffany is beginning to build a good relationship with him.

[¶ 5] The court found Tabitha's testimony credible and concluded that DHS had proven jeopardy against the mother based on physical abuse of Tabitha and Linda and emotional abuse and the threat of physical and emotional abuse to all three girls. The court's findings with regard to the father are sparse. The court found that he "professes ignorance of [the mother]'s drug addiction, but anyone who had a relationship with her would have had to be aware that this was a person who had been addicted to drugs for a great many years.... His failure to act, and for years to inquire about her has placed Tiffany in jeopardy." The court also found that the father "appears to be a potentially strong resource for Tiffany," but stated that it could not place Tiffany with him until it received the results of a pending home study pursuant to the Interstate Compact on the Placement of Children, 22 M.R.S.A. §§ 4191–4247 (1992). The court ordered that custody of the three girls remain with DHS.

## II. MOTHER'S APPEAL

[¶ 6] The mother argues on appeal that the court should not have believed Tabitha's testimony. Witness credibility, however, is within the sole province of the court as the trier of fact. *In re Nikolas E.*, 1998 ME 243, ¶ 21, 720 A.2d 562, 567. The evidence, including Tabitha's testimony, was sufficient for the court to find that the girls would be in jeopardy to their health and welfare if returned to the mother's custody. *See In re Dorothy V.*, 2001 ME 97, ¶¶ 12–13, 774 A.2d 1118, 1122. Contrary to the mother's contention, the evidence does not compel a finding that jeopardy to Tiffany was alleviated by removing her older sisters from the home; the court could reasonably have found that even if she were not exposed to her mother's abuse of Tabitha and Linda, Tiffany would still be in jeopardy due to her mother's drug addiction and the threat of physical and emotional abuse in the future.

## III. TIFFANY'S FATHER'S APPEAL

[¶ 7] At the jeopardy stage of a child protective proceeding, the court must find, with regard to each parent who has been properly served, 22 M.R.S.A. § 4035(2)(C), whether the child would be in circumstances of jeopardy to his or her health and welfare if placed in the custody of the parent. *Dorothy V.*, 2001 ME 97, ¶ 13, 774 A.2d at 1122; *In re Shawn H.*, 667 A.2d 1377, 1378 (Me.1995); *In re David W., Jr.*, 568 A.2d 513, 515 (Me.1990). Evidence of past jeopardy is relevant to the future, and in the case of a custodial parent it is highly probative, but the question before the court is necessarily whether there is *prospective* jeopardy. *See In re Rachel J.*, 2002 ME 148, ¶¶ 18–19, 804 A.2d 418, 424.

[¶ 8] Here the court found only that the father had placed Tiffany in jeopardy in the past by failing to protect her from her mother's abuse. The court did not explicitly conclude that Tiffany would be in jeopardy if placed in the custody of her father. Nor do we think that such a conclusion can be inferred from the court's subsidiary factual findings. Given the court's meager findings about the father, its conclusion that he failed to protect Tiffany from her mother's abuse when the mother had custody does not, by itself, determine whether she would be in jeopardy if she resided with the father. Accordingly, we must remand to the District Court for findings on this issue.

[¶ 9] Given the lapse of time, the court should not simply make further findings based on the existing record, but should hold a new evidentiary hearing at which the parties may present additional evidence. If the court determines that Tiffany would be in jeopardy if placed in her father's custody, it must allow the parties to present evidence relevant to any proposed disposition under 22 M.R.S.A. § 4036. *See* 22 M.R.S.A. § 4035(3). In addition, the court should fully consider the effect of the Interstate Compact on the Placement of Children and the regulations promulgated thereunder, *see id.* § 4197.

The entry is:

Judgment with regard to the mother affirmed. Judgment with regard to the father of Tiffany R. vacated. Remanded to the District Court for further proceedings consistent with this opinion.