2011 ME 109

**In re CIARA H.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 27, 2011.
Decided: Nov. 8, 2011.

Robert Van Horn, Esq., Castine, on the briefs, for appellant mother.

William J. Schneider, Attorney General, and Nora Sosnoff, Asst. Atty. Gen., Office of the Attorney General, Augusta, on the briefs, for appellee Department of Health and Human Services.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

PER CURIAM.

[¶ 1] The mother of Ciara H. appeals from the judgment of the District Court (Ellsworth, *Gunther, J.*) entering a jeopardy order, 22 M.R.S. 4035(2), (4–A) (2010), based on a finding that jeopardy had been established by the mother's inadequate care and supervision of the child, citing 22 M.R.S. 4002(6)(B) (2010). The court found in the mother's favor on each of the other elements of the jeopardy claim alleged by the State. The mother then brought this

appeal, contending that the record does not support the court's finding of inadequate care and supervision.

 [¶ 2] During the pendency of the appeal, Ciara turned eighteen years old. In supplemental briefs filed with this Court, the mother and the State agree that the appeal is moot. However, each party urges us to reach the merits of the appeal because of the applicability of the collateral consequences exception to the mootness rule. *See In re Christopher H.*, 2011 ME 13, ¶ 11, 12 A.3d 64.

[¶ 3] There are potential collateral consequences because the findings in the court's jeopardy order may be interpreted as a substantiation of abuse in administrative proceedings before the Department of Health and Human Services. *See* 22 M.R.S. 4004(2) (2010); 18 C.M.R. 10 148 201–2 II(B)(1) (2008). As addressed in each party's supplemental brief, such "substantiated" determinations can have adverse consequences on the mother's capacity to obtain employment or care for children other than her own biological children under certain circumstances.

 [¶ 4] Because of these collateral consequences, we reach the merits of the appeal. The section of law cited by the court to support its jeopardy finding, 22 M.R.S. 4002(6)(B), indicates that jeopardy may be found based on "[d]eprivation of adequate food, clothing, shelter, supervision or care or education when the child is at least 7 years of age and has not completed grade 6." The phrase "or education when the child is at least 7 years of age and has not completed grade 6," was added to section 4002(6)(B) as part of a larger law adopted in 2007 to address truancy, P.L.2007, ch. 304, 11. No party has suggested that this recently adopted age restriction applies to the issues in this appeal.

[¶ 5] The court's findings relating to parental unfitness were based on the mother's extensive, but unsuccessful, efforts to obtain assistance to improve her relationship with Ciara in the face of Ciara's expressed desire not to live in the mother's home and to resist efforts by her mother to improve relations between mother and daughter. Such evidence does not establish parental unfitness sufficient to support a jeopardy order. Accordingly, while the jeopardy order itself is now moot, we vacate the court's order and the findings that supported the order and remand to the District Court with direction to vacate the jeopardy order and dismiss the child protection proceedings regarding Ciara.

The entry is:

Judgment vacated. Remanded to the District Court for proceedings in accordance with this opinion.