MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2016 ME 82
Docket:      Was-15-353
Argued:      April 6, 2016
Decided:     June 2, 2016

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
             HUMPHREY, JJ.

## IN RE NICHOLAS S. et al.

PER CURIAM

[¶1]  The mother of Nicholas S., Ryan S., and Sean B. appeals from orders entered in the District Court (Machias, *D. Mitchell, J.*) finding, by a preponderance of the evidence, that the three children were in jeopardy to their health or welfare in the mother's care.  The mother argues that the Department of Health and Human Services did not present sufficient evidence to support the court's jeopardy findings.  We disagree and affirm the decisions, and we clarify that the Maine Rules of Appellate Procedure do not prohibit a trial court, pending our disposition of an appeal from a jeopardy order, from acting pursuant to 22 M.R.S. § 4036(1-A) (2015) to dismiss a child protection petition after determining that entry of a parental rights order will alleviate jeopardy.

## I.  BACKGROUND

[¶2]  On October 1, 2014, the Department filed separate child protection petitions—one regarding Sean, and one regarding twins Nicholas and Ryan—in the

District Court (Machias). The Department alleged that the children were in jeopardy in the mother's care due to her failure to protect them from physical abuse by her husband,[1] and that the mother had deprived the children of an adequate education.

[¶3] After a consolidated jeopardy hearing held on January 14 and April 15, 2015, the court found the following facts by a preponderance of the evidence. The mother's husband struck Sean with a wooden implement after Sean did not tell the mother or her husband that he had been ill and had vomited before he was able to reach the bathroom. The assault left a scratch "between [Sean's] scrotum and anus" that was later seen by Sean's father. The implement the mother's husband used was known to the children as the "spank spoon." The court found that the assault had occurred and noted that the mother's explanation for the use of such "discipline," i.e., that Sean had lied about the vomit, "speaks volumes about how Sean feels in the [mother's] home, a fact that is supported by . . . [his] quiet, reserved and shy demeanor in that home." Based on these findings, which are supported by competent evidence in the record, *see In re E.A.*, 2015 ME 37, ¶ 7,

---

[1] The mother's husband is not the father of any of these children, and Sean's father is not the twins' father.

114 A.3d 207, the court determined that the children were in circumstances of jeopardy to their health or welfare in the mother's care.[2]

[¶4] The court ordered that the twins be placed in Department custody, but determined that an order modifying Sean's parents' existing parental rights and responsibilities judgment would protect him from jeopardy. The court therefore entered such an order and dismissed the child protection petition regarding Sean. *See* 22 M.R.S. § 4036(1-A). The amended parental rights judgment awarded Sean's parents shared parental rights and responsibilities, except that primary residence and "all decision-making authority concerning educational and medical decisions" were awarded to Sean's father. The court also ordered that "[n]either parent shall use or permit to be used any physical discipline of the minor child." The mother appealed from the orders finding jeopardy to Sean and the twins and the order modifying her and Sean's father's parental rights and responsibilities.

[¶5] While the mother's appeal was pending, the court, by agreement among the Department, the mother, and the twins' father, determined that an order modifying the twins' parents' existing parental rights and responsibilities judgment would protect the twins from jeopardy. Pursuant to 22 M.R.S. § 4036(1-A), the court dismissed the child protection petition regarding the twins and entered an

---

[2] As a separate basis for jeopardy, the court also found that the mother deprived the children of an adequate education. *See* 22 M.R.S. § 4002(6)(B) (2015).

4

amended parental rights judgment regarding the mother and the twins' father. This amended order granted the twins' parents shared parental rights and responsibilities, awarded the mother the right to provide the children's primary residence, and ordered that "[n]either party shall issue corporal punishment to the minor children nor shall they allow other persons to do so."[3]

## II. DISCUSSION

A.    Trial Court Action Pending Disposition of Appeal

[¶6]  We begin by noting that the trial court was correct to dismiss the child protection petition regarding the twins when it determined that an order modifying parental rights would protect them from jeopardy, even pending our disposition of the mother's appeal.  Maine Rule of Appellate Procedure 3(b) provides, in relevant part, that "[t]he trial court shall take no further action pending disposition of the appeal by the Law Court except . . . in child protective cases, to continue case review and processing as required by law."  The Legislature has unequivocally stated that "children [shall] be taken from the custody of their parents only where failure to do so would jeopardize their health or welfare."  22 M.R.S. § 4003(2) (2015).  In light of this clear expression of legislative intent, when a court determines that entering a parental rights order pursuant to 22 M.R.S. § 4036(1-A)

---

[3]  It appears that by the time the court entered this order, the mother had divorced her husband, the twins were attending school, and the twins' father was playing a larger role in his sons' lives.

will alleviate jeopardy, the court must do so, whether or not an appeal is pending. Rule 3(b) cannot be read to require a trial court to wait to take action until an appeal from the order finding jeopardy is resolved.[4]

B.    Mootness

[¶7]  Because both child protection petitions have been dismissed, we must first determine whether we can reach the merits of the mother's appeal.

> An issue is moot when there is no real and substantial controversy, admitting of specific relief through a judgment of conclusive character. . . . We decline to decide issues that have lost their controversial vitality, that is, when a decision by this Court would not provide an appellant any real or effective relief.

*Clark v. Hancock Cty. Comm'rs*, 2014 ME 33, ¶ 11, 87 A.3d 712 (alteration omitted) (quotation marks omitted).  Even when an appeal is moot, however, we will still address the merits in some circumstances.  *In re Christopher H.*, 2011 ME 13, ¶ 11, 12 A.3d 64 (describing exceptions to the mootness doctrine); *see* Alexander, *Maine Appellate Practice* § 205 at 212 (4th ed. 2013).  One such exception applies where "sufficient collateral consequences will result from the determination of the questions presented so as to justify relief."  *In re Christopher H.,* 2011 ME 13, ¶ 11, 12 A.3d 64 (alteration omitted) (quotation marks omitted).

---

[4]  On May 9, 2016, the Court issued an order establishing an Advisory Committee on the Maine Rules of Appellate Procedure.  That committee's responsibilities include, inter alia, reviewing and recommending revisions to the Appellate Rules to provide greater clarity and direction.

6

[¶8]  We agree with the parties' contention that the collateral consequences exception applies here.  In *In re Ciara H.*, we addressed the merits of a parent's appeal from a jeopardy order although the child had turned eighteen while the appeal was pending.  2011 ME 109, ¶¶ 2, 5, 30 A.3d 835 (per curiam). We explained that a jeopardy finding in a court order can give rise to a substantiation of abuse in administrative proceedings before the Department, and that "such 'substantiated' determinations can have adverse consequences on [a parent's] capacity to obtain employment or care for children other than [his or] her own biological children under certain circumstances."  *Id.* ¶ 3; *see* 22 M.R.S. § 4004(2) (2015); 18 C.M.R. 10 148 201-2 § II(B)(1) (2008).  Because the same rationale holds true here, the collateral consequences exception applies, and we reach the merits of the mother's appeal.

C.     Sufficiency of the Evidence

[¶9]  The mother argues that the Department did not present sufficient evidence to support the court's jeopardy findings.  A finding that children are in circumstances of jeopardy must be supported by a preponderance of the evidence. 22 M.R.S. § 4035(2) (2015); *In re E.L.*, 2014 ME 87, ¶ 12, 96 A.3d 691. We review jeopardy findings for clear error, and will affirm the decision "unless there is no competent record evidence that can rationally be understood to establish as more likely than not that the child was in circumstances of jeopardy to his [or

her] health and welfare." *In re E.A.*, 2015 ME 37, ¶ 7, 114 A.3d 207 (quotation marks omitted).

[¶10]  Jeopardy is defined as "serious abuse or neglect, as evidenced by," inter alia, "[s]erious harm or threat of serious harm."  22 M.R.S. § 4002(6)(A) (2015).  The statute defines "serious harm" as:

**A.**  Serious injury;

**B.**  Serious mental or emotional injury or impairment which now or in the future is likely to be evidenced by serious mental, behavioral or personality disorder, including severe anxiety, depression or withdrawal, untoward aggressive behavior, seriously delayed development or similar serious dysfunctional behavior; or

**C.**  Sexual abuse or exploitation.

22 M.R.S. § 4002(10) (2015).  "Serious injury means serious physical injury or impairment."  22 M.R.S. § 4002(11) (2015) (quotation marks omitted).

[¶11]  The mother argues that the court's findings regarding physical abuse cannot meet the definition of jeopardy.  We disagree.  The mother distinguishes her case from *In re Dorothy V.*, in which we affirmed a jeopardy finding where the evidence demonstrated that the "parents employed extraordinary disciplinary measures."  2001 ME 97, ¶ 13, 774 A.2d 1118.  We explained, however, that to find jeopardy, "the court needed only to find, as a matter of fact, that it was more likely than not that [the child] would incur serious harm, or be subject to a threat of serious harm, if she was returned to the custody of her parents."  *Id.* ¶ 8.

[¶12]  Here, the court did not clearly err in determining that the children were at risk of serious harm in the mother's care.  That determination is supported by the evidence that the mother's husband struck Sean with a wooden implement, injuring the child's genital area, and that Sean, who was eight years old at the time, fearing disciplinary reprisals, believed he could not tell anyone that he had vomited.  As the court found, "it is preposterous and nearly abhorrent to strike a child Sean's age for being sick."  In addition, Sean's father, whose testimony the court expressly found credible, described several instances in which Sean returned to his care bearing burn marks, welts, bruises, and "marks that look like a spoon on his rear end."

[¶13]  With regard to the twins, we have held that "[a] court may rely on a parent's behavior with respect to one child in assessing whether [other] child[ren] in the parent's care also face[] jeopardy."  *In re Adrian D.*, 2004 ME 144, ¶ 12, 861 A.2d 1286; *see also In re E.A.*, 2015 ME 37, ¶ 9, 114 A.3d 207 ("[W]hat is past is often prologue regarding the threat of serious harm posed by the parent." (quotation marks omitted)).  Here, the court's jeopardy finding based on physical abuse is supported by competent evidence in the record "that can rationally be understood to establish as more likely than not that the child[ren] [were] in circumstances of jeopardy to [their] health and welfare," *In re E.A.*, 2015 ME 37, ¶ 7, 114 A.3d 207 (quotation marks omitted).  We affirm the court's decisions

finding that Sean and the twins were in jeopardy and modifying the parental rights judgment that applies to Sean's parents.[5]

The entry is:

Judgment affirmed.

_____

**On the briefs:**

Amy McNally, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

**At oral argument:**

Amy McNally, Esq., for appellant mother

Meghan Szylvian, Asst. Atty. Gen., for appellee Department of Health and Human Services

Machias District Court docket numbers PC-2014-19, PC-2014-20, and FM-2011-73
FOR CLERK REFERENCE ONLY

_____

[5] Because we conclude that the court's findings concerning physical abuse are supported by the record and are sufficient to support the jeopardy determination, we do not reach the mother's argument that the evidence was insufficient to support the court's findings that she deprived the children of an adequate education.