MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2020 ME 29
Docket:       Cum-19-410
Submitted
  On Briefs:  February 26, 2020
Decided:      March 5, 2020

Panel:        MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.


IN RE CHILD OF WHITNEY M.


PER CURIAM

[¶1]  Whitney M. appeals from a judgment entered by the District Court (Bridgton, *Powers, J.*) finding that her child is in circumstances of jeopardy pursuant to 22 M.R.S. §§ 4002(6), 4035(2) (2018), and ordering that the child remain in the custody of the Department of Health and Human Services.  She contends that the evidence was insufficient to support the court's determination that the child is in jeopardy.  We affirm the judgment.

[¶2]  In May of 2019, the Department filed a petition for a child protection order and preliminary protection order for the child, who was then six years old.  The petition alleged that the child's father—who had, just a few days earlier, been granted temporary sole parental rights and responsibilities pursuant to a temporary protection from abuse order he had obtained against the child's mother—had been hospitalized and was currently unable to care for the child.  The petition stated that the child was at risk due to the

substance abuse and physical violence of the mother, who was also prevented from having any contact with the child pursuant to the temporary protection order.[1] The court (*Dobson, J.*) entered a preliminary protection order that day, placing the child in the Department's custody. The mother waived the opportunity for a summary preliminary hearing. *See* 22 M.R.S. § 4034(4) (2018).

[¶3] The court (*Powers, J.*) conducted a contested hearing in August of 2019.[2] Based on the evidence at the hearing, by order dated September 20, 2019, the court determined that the child was in circumstances of jeopardy due to the threat of abuse or neglect. *See* 22 M.R.S. § 4002(1), (6) (2018). The mother timely appealed. *See* 22 M.R.S. § 4006 (2018); M.R. App. P. 2B(c)(1).

[¶4] The mother challenges the sufficiency of the evidence to support the court's finding, by a preponderance of the evidence, that the child is in circumstances of jeopardy. We review the court's factual findings for clear error and will affirm its jeopardy determination "unless there is no competent record evidence that can rationally be understood to establish as more likely than not that the child was in circumstances of jeopardy to his or her health

---

[1] The temporary protection order against the mother lapsed in June of 2019.

[2] On the day of the hearing, the court entered an agreed-to jeopardy order as to the father; he does not appeal from that order.

and welfare." *In re Nicholas S.*, 2016 ME 82, ¶ 9, 140 A.3d 1226 (alteration omitted) (quotation marks omitted).

[¶5]  The court made the following findings of fact, which are supported by competent record evidence.

> The child's father obtained a temporary protection from abuse order for the child against his mother [in May of 2019] . . . . The order was based on an altercation . . . involving the mother apparently pulling [the child] out of a car which placed [the child] in danger. . . .
>
> . . . .
>
> The mother has been charged with domestic violence three times [between] 2010 to 2018 . . . . She is still on . . . probation . . . . She tested positive for THC and suboxone in late June 2019.  She also presented two pharmacies with altered prescriptions for suboxone which led to her termination from substance use counseling.  She continues to need such counseling, which is required by probation.  She also tested positive for cocaine this summer. . . .  She has a conviction for unlawful possession of drugs in 2016.  She agrees her substance use contributed to the domestic violence issues.
>
> . . . .
>
> [The mother has a] significant history of domestic violence against men in her life, often with her child present or nearby, [a] history of partially treated illegal substance use, [a] lack of understanding of all [the child's] needs, and . . . uncertain housing.

[¶6]  Contrary to the mother's contentions, the court did not err in crediting the testimony of the child's father and the mother's former

substance abuse counselor over the mother's. *See In re Child of Dawn B.*, 2019 ME 93, ¶ 10, 210 A.3d 169 ("[T]he assessment of the weight and credibility of the evidence [is] for the trial court alone."). Taken together, the court's supported factual findings are sufficient to support its determination that the child would be "subject to a threat of serious harm[] if [he were] returned to the custody of [the mother]." *In re Nicholas S.*, 2016 ME 82, ¶ 11, 140 A.3d 1226 (quotation marks omitted); *see* 22 M.R.S. § 4002(6).

The entry is:

Judgment affirmed.

---

Stephen H. Shea, Esq., Fairfield & Associates, P.A., Portland, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Thaddeus V. Day, Esq., Law Offices of Thaddeus V. Day, PLLC, Cumberland Center, for appellee father

Bridgton District Court docket number PC-2019-13
FOR CLERK REFERENCE ONLY