MAINE SUPREME JUDICIAL COURT                            Reporter of Decisions
Decision:      2020 ME 58
Docket:        Pen-19-475
Submitted
  On Briefs:   May 4, 2020
Decided:       May 12, 2020
Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## IN RE CHILDREN OF ALECIA M.

PER CURIAM

[¶1]  Alecia M. appeals from an order of the District Court (Bangor, *Jordan, J.*) finding that her four children are in circumstances of jeopardy pursuant to 22 M.R.S. § 4035(2) (2020).  She contends that the evidence was insufficient to support the court's determination that the children are in jeopardy.[1]  We affirm.

[¶2]  In this matter, the trial court consolidated three child protection cases for a jeopardy hearing.  The first child protection proceeding began in July 2017, when the Department filed a petition for a child protection order as to the mother's two older children.  *See* 22 M.R.S. § 4032 (2020).  The petition

---

[1] At the jeopardy hearing, the Department of Health and Human Services did not seek to establish jeopardy as to the father of the two older children, and the court ordered that he continue to have custody of those children following the hearing.  The court found both jeopardy and the existence of an aggravating factor, *see* 22 M.R.S. §§ 4002(1-B), 4036(1)(G-2) (2020), as to the father of the two younger children.  That father did not appeal from the court's order.  Therefore, neither father is a party to this appeal.

2

alleged that the mother had problems with substance abuse and that she was in a relationship with a man—not the father of the two older children—who had a history of violence. On December 17, 2017, the court entered an agreed-to finding that the children were in circumstances of jeopardy in the mother's care and placed the children in the custody of their father, against whom the Department did not allege jeopardy.

[¶3] The mother gave birth to her third child in March 2018. In June 2018, the mother's second oldest child sustained and was treated for significant injuries, including a broken clavicle and multiple bruises on various parts of her body. The next day, the Department filed a request for a preliminary protection order (PPO) and a new petition for a child protection order as to all three of the mother's children, alleging that they were threatened with the immediate risk of serious harm due to the threat of neglect and physical abuse.[2] *See id.* In this petition, the Department alleged jeopardy as to

---

[2] Although the court had already found that the two older children were in circumstances of jeopardy in their mother's care and had placed the children in the custody of their father, the request for a PPO included an affidavit that indicated that those children had been living, at least part time, in the mother's household. The Department's second petition alleged additional grounds for jeopardy as to those children and asked the court to make a new finding of jeopardy based on the injuries suffered by the second oldest child.

the mother, the father of the two older children, and an individual who was then identified as the putative father of the third child.[3]

[¶4] That day, the court granted the PPO and placed all three children in the Department's custody. *See* 22 M.R.S. §§ 4034(2), 4036(1)(F) (2020). In December 2018, six months after the children had been removed from their parents' custody, but before a jeopardy hearing, the court returned custody of the two older children to their father after the Department informed the court that it was amending its petition to no longer allege that those children were in circumstances of jeopardy in their father's care.

[¶5] The mother had a fourth child in May 2019. The Department filed a third petition for a child protection order, accompanied by a request for a PPO, the following day, alleging that this child was in circumstances of jeopardy in the mother's care for the reasons set forth by the Department in its previous petitions. The petition also identified the father of the third child as the father of the fourth child. The court issued a PPO that day, placing the child in the Department's custody.

[¶6] By agreement of the parties, the three petitions were consolidated for a single jeopardy hearing regarding all four children. The court held a

---

[3] That individual was later identified as the father of the mother's third child.

five-day contested hearing in May, July, and September 2019.[4]  At the hearing,
the mother and the Department presented competing expert witnesses, both of
whom testified as to the likely cause of the injuries suffered by the second
oldest child.  The Department's expert testified that, upon his review of the
child's injuries, he had determined "with appropriate medical certainty" that
the injuries were inflicted.  In contrast, the mother's expert testified that "there
is more evidence for accidental injury than there is for abuse."

[¶7]  Based on the evidence at the hearing, the court found that the
children are in circumstances of jeopardy due to neglect and the infliction of
serious injury upon one of the children.  *See* 22 M.R.S. § 4002(1), (6)(A), (10)(A)
(2020).  The mother timely appealed.  *See* 22 M.R.S. § 4006 (2020); M.R.
App. P. 2B(c)(1).

[¶8]  In its written order finding jeopardy as to the mother, the court
made the following findings of fact, all of which are supported by competent
record evidence.  *See In re Child of Whitney M.*, 2020 ME 29, ¶ 5, --- A.3d ---.

> In June of 2018, [the second oldest child] was found to have
> injuries to her mouth, both sides of her jaw, a fracture of her
> clavicle and numerous bruises.  The issues before the Court center
> upon whether the injuries were accidental or inflicted.

---

[4] The substantial delays in this case appear to have been caused by the court's willingness to allow the mother to attempt to find an expert witness to counter the State's assertion that the second oldest child's injuries had been inflicted.

. . . .

The Court concludes that more likely than not the injuries were inflicted. The fact that there are possible accidental ways for the injuries to have occurred does not change the conclusion that more likely than not they were inflicted. The multitude of injuries, the locations of the injuries, the patterns of bruising, and the broken clavicle all support a finding that the injuries were inflicted.

The rest of the testimony and supporting evidence strengthens the conclusion that more likely than not these are inflicted injuries. The [oldest child] repeatedly volunteered the same accounts of [the father of the two younger children] hurting [the second oldest child] and assaulting [the mother]. The circumstances surrounding those revelations are supportive of [the oldest child's] credibility. The child has previously said her mother told her not to talk to people about what happened. Although the mother denies that [the father of the two younger children] was present, she has acknowledged lying on other occasions about his being present at the home.

. . . .

The Court concludes that more likely than not [the father of the two younger children] inflicted the broken clavicle injury. The fact that [the mother] is protecting him demonstrates that she lacks protective capacity for her children. . . .

. . . .

The Court finds that jeopardy exists for [all four children] as regards to [the mother]. . . .

[¶9]   We review the court's factual determinations for clear error.

*See In re Nicholas S.*, 2016 ME 82, ¶ 9, 140 A.3d 1226. We will affirm the court's

6

jeopardy determination "unless there is no competent record evidence that can rationally be understood to establish as more likely than not that the child[ren] [are] in circumstances of jeopardy to [their] health and welfare." *Id.* (quotation marks omitted).

[¶10]   Contrary to the mother's contention, the court did not err in crediting the testimony of the Department's expert witness over the testimony of the mother's competing expert witness.  *See In re Child of Dawn B.*, 2019 ME 93, ¶ 10, 210 A.3d 169 ("[T]he assessment of the weight and credibility of the evidence [is] for the trial court alone.").  The court's supported findings of the mother's history and the nature of the second oldest child's injuries were sufficient for the court to find by a preponderance of the evidence that the children would be in circumstances of jeopardy if they were returned to the mother's care.  *See* 22 M.R.S. §§ 4002(6)(A), (10)(A), 4035(2).

The entry is:

Judgment affirmed.

_____

Joseph P. Belisle, Esq., Bangor, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szyvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket numbers PC-2017-73; PC-2018-139; PC-2019-61
FOR CLERK REFERENCE ONLY