2008 ME 6

**Sylvia L. SUTHERLAND**

v.

**Jason R. MORRILL.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 27, 2007.

Decided: Jan. 8, 2008.

Kellie Cameron Baker, Esq., Biddeford, ME, for appellant.

Donald Massey, Esq., Ranger, Copeland, Brunswick, ME, for appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] Sylvia L. Sutherland appeals from a child support order entered in the District Court (West Bath, *Westcott, A.R.J.)* as part of a judgment granting Jason R. Morrill's motion to modify the parties' divorce judgment. Sutherland contends that the court erred by failing to take into account Sutherland's parental rights and responsibilities for a child living with her who is not a subject of the child support order, 19–A M.R.S. § 2006(5)(A) (2007), and by failing to make findings regarding whether the parties provide substantially equal care for their two children, 19–A M.R.S. §§ 2001(8–A), 2006(5)(D–1) (2007). Because we conclude that the child support order mistakenly omitted the calculation related to Sutherland's parental rights and responsibilities for another child living in her home, we vacate the child support order and remand the matter for further proceedings.

## I. BACKGROUND

[¶ 2] Sylvia L. Sutherland and Jason R. Morrill are the parents of two children. They were divorced in 2003, and in 2005, Morrill moved to modify the divorce judgment. After a hearing that focused on the disputed issue of parental contact with the children, the court made findings on the record and directed Morrill's attorney to draft a judgment granting the motion to modify. The court awarded primary residence to Morrill but provided for a schedule of contact that afforded both parties a sizeable amount of time with the children. The court also asked Morrill's counsel to prepare a "guideline" order of child support consistent with this child contact arrangement.

[¶ 3] In preparing the order, Morrill's counsel used the parties' income figures as stated in their child support affidavits to complete a child support worksheet. Sutherland's child support affidavit indicated, consistent with her testimony at the hearing, that she was legally obligated to support an additional child residing in her home who was not a subject of the child support order sought in the pending case. Neither the child support worksheet nor the proposed order, however, accounted for Sutherland's obligation to that child pursuant to 19–A M.R.S. § 2006(5)(A), Nor did any of the documents proposed by counsel address the question of whether the parties provided substantially equal care for their children. *See* 19–A M.R.S. §§ 2001(8–A), 2006(5)(D–1). The court signed the judgment and order as prepared by counsel, and Sutherland timely appealed.

## II. DISCUSSION

[¶ 4] Had Sutherland filed a motion for findings of fact, asking the court to address the missing calculation related to her other child, this matter could have been quickly resolved in the trial court. *See* M.R. Civ. P. 52. Unfortunately, at the hearing on Morrill's motion to modify, Sutherland did not seek credit for her legal obligation to support her other child, or otherwise address the need for findings or conclusions regarding that child. Nor did she move for further findings of fact and conclusions of law after the court entered its judgment. *See* M.R. Civ. P. 52(b).

[¶ 5] In these circumstances, we must "assume that the court found all facts necessary to support the [outcome] to the extent that such facts are supported in the record." *Fitzpatrick v. Fitzpatrick,* 2006 ME 140, ¶ 17, 910 A.2d 396, 401. If there is any competent evidence in the record that demonstrates that the court's child

support order is consistent with the child support guidelines established by the Legislature, we will affirm the judgment. 19-A M.R.S. §§ 2001–2011 (2006);[1] *Foley v. Ziegler*, 2007 ME 127, ¶¶ 8–9, 931 A.2d 498, 500. The question then is whether on this record, the court could have dispensed with the child support adjustment that is required when 19-A M.R.S.A. § 2006(5)(A) is applicable.

[¶ 6] The guidelines provide that a court *must* adjust child support when the parent who is not the primary care provider is legally obligated to support a child in her or his household who is not the subject of the child support order being sought:

> When the parent who is not the primary care provider is legally obligated to support a child in that party's household other than the child for whom a support order is being sought, an adjustment must be made to that party's parental support obligation. The adjustment is made by using the nonprimary residential care provider's annual gross income to compute a theoretical support obligation under the support guidelines for each child in that household. Neither the child support received by nor the financial contributions of the other parent of each child in the household are considered in the theoretical support calculation. The obligation is then subtracted from the annual gross income, and the adjusted income is the amount used to calculate support. The adjustment is used in all appropriate cases, except when the result would be a reduction in an award previously established.

19-A M.R.S. § 2006(5)(A).

[¶ 7] Having reviewed the record, we conclude that subsection (5)(A) does require an adjustment. Sutherland's undisputed testimony and child support affidavit demonstrate that she does have another child living in her home, for whom she has a legal obligation of support. There is no evidence that the exception described in the final sentence of subsection (5)(A) applies. Because the court's child support order does not make the required adjustment based on undisputed evidence of Sutherland's obligation to support this additional child, we vacate the order and remand the matter for the motion court to reassess the award of child support pursuant to section 2006(5)(A). In determining the appropriate amount of child support, the court will also have the opportunity to make explicit findings regarding whether the parents provide substantially equal care for the child pursuant to 19-A M.R.S. §§ 2001(8-A) and 2006(5)(D-1).

The entry is:

Child support order vacated and remanded for further proceedings consistent with this opinion.

---

1. The guidelines have recently been amended, but not in any way that affects this case. *See* P.L. 2007, ch. 284, § 5 (effective Sept. 20, 2007) (codified at 19-A M.R.S. § 2001(5)(A) (2007)); P.L. 2007, ch. 448, §§ 1–3 (effective Sept. 20, 2007) (codified at 19-A M.R.S. § 2001(5-A) to (5-C) (2007)).