2010 ME 112

**In re ALIVIA B.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 23, 2010.

Decided: Nov. 2, 2010.

Wendy D. Hatch, Esq., Waterville, ME, for the father.

Carolyn Adams, Esq., Bangor, ME, for the mother.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

LEVY, J.

[¶ 1]  In this child protection proceeding, the father of Alivia B. appeals from a judgment entered in the District Court (Bangor, *Dobson, J.*) ordering that the child's primary residence be with her mother, pursuant to 22 M.R.S. § 4036(1–A) (2009).  The father contends that the court was not authorized to award the child's primary residential care to the mother because of the court's earlier finding of jeopardy against the mother pursuant to 22 M.R.S. § 4035 (2009).  He also contends that the record contains insufficient evidence to conclude that primary residence with the mother is in Alivia's best interest.  We affirm the judgment.

## I.  BACKGROUND

[¶ 2]  Alivia, age seven, was living with her mother in April 2008, when the Department of Health and Human Services responded to allegations of domestic violence between the mother and the child's stepfather.  Because of the ongoing domestic violence in the home, emotional abuse, neglect, and the mother's substance abuse problem, a jeopardy order against the mother was entered pursuant to 22 M.R.S. § 4035 on July 30, 2008, and the court placed Alivia in the custody of her father.

[¶ 3] Subsequently, the mother and stepfather divorced. The mother attended a residential treatment program for five months, took anger management and substance abuse treatment classes, and saw a therapist. She also formed a new relationship with a man to whom she eventually became engaged, and she and Alivia's younger half-sister began living with him in the summer of 2009. The mother tested clean for drugs from August 2008 to September 2009, the date of her most recent drug test on this record. Alivia told the guardian ad litem in August of 2009 that she wanted to "live like a family" with her mother, sister, and mother's fiancé, and also said she was happier living at her mother's house.

[¶ 4] During the period that Alivia lived with her father, he was uncooperative in facilitating contact between Alivia and her mother. The father is registered in Maine's sex offender registry for having been sexually involved with a girl under the age of eighteen.[1] At one point while living with her father, Alivia shared a bed-room with him; however, the child told the caseworker that she felt comfortable sharing a room with her father and that she felt safe.

[¶ 5] The court held a hearing to review the allocation of parental rights, and on January 16, 2010, entered a parental rights and responsibilities order pursuant to 22 M.R.S. § 4036(1–A),[2] ordering that Alivia's primary residence be transferred to the mother's home no later than January 30, 2010. In its decision, the court chose not to dismiss the child protection matter with its finding of jeopardy as to the mother because of the possibility that she could suffer a drug relapse, which would warrant additional judicial intervention.

[¶ 6] The father filed a motion for emergency judicial review and stay of the order. The court held a hearing on the motion and issued a judicial review and permanency planning order, incorporating the parental rights order and affirming that residence of the child was to be transferred to the mother's home by January

---

1. Although the court cited his conviction in its findings, at no point was it alleged that the father is at risk of abusing Alivia.

2. Title 22 M.R.S. § 4036(1–A) (2009) provides:

> **1–A. Parental rights and responsibilities orders.** Upon request of a parent, the court may enter an order pursuant to Title 19–A, section 1653 if the court determines that the order will protect the child from jeopardy and is in the child's best interest as defined in Title 19–A, section 1653, subsection 3. If the court enters an order pursuant to this subsection:
> **A.** The order has the same force and effect as other orders entered pursuant to Title 19–A, section 1653;
> **B.** The order is subject to modification or termination in the same manner as other orders entered pursuant to Title 19–A, section 1653;
> **C.** Any person who requests a modification or termination of the order must serve the department with the motion or petition;
> **D.** The department is not a party to proceedings to modify or terminate the order unless otherwise ordered by the court. This paragraph may not be construed to limit the department's ability to request a judicial review pursuant to section 4038, subsection 2;
> **E.** Notwithstanding section 4038, the court may order that further judicial reviews may not be held unless requested by a party and, notwithstanding section 4038–B, may order that further permanency planning hearings may not be held; and
> **F.** The court may terminate the appointments of the guardian ad litem and attorneys for parents and guardians, in which case the attorneys and guardian ad litem have no further responsibilities to their clients or the court.

30. That order incorporated additional requirements, including that the Department must monitor the mother's drug use via random screening, that the parents must communicate via e-mail, and that the father and Alivia must have phone contact at least three times per week. The father timely appealed.

## II. DISCUSSION

▆ [¶ 7] A parental rights and responsibilities order entered pursuant to 19–A M.R.S. § 1653 (2009) as part of a Title 22 proceeding is appealable as a final judgment. *In re Jacob C.,* 2009 ME 10, ¶¶ 11–12, 14, 965 A.2d 47, 51. For purposes of appellate review, we treat the order issued in this case "in the same manner as an order issued under title 19–A." *Id.* ¶ 14, 965 A.2d at 51. Questions of law, including statutory interpretation, are reviewed de novo. *Id.* ¶ 9, 965 A.2d at 50.

A. Legal Implications of a Jeopardy Finding

▆ [¶ 8] The father contends that where there is a finding of jeopardy as to one parent, but no finding of jeopardy as to the other parent, as a matter of law, the court may not award primary residence of the child to the parent with the finding of jeopardy. We disagree.

▆ [¶ 9] In interpreting a statute, we first look to its plain meaning. *Id.* Title 22 M.R.S. § 4036(1–A) states, "Upon request of a parent, the court may enter an order pursuant to Title 19–A, section 1653 if the court determines that the order will protect the child from jeopardy and is in the child's best interest...."[3] The statutory language is unambiguous and does not explicitly preclude the placement of a child in the primary residence of a parent against whom a finding of jeopardy has been entered.

▆ [¶ 10] In construing a statute, the provision at issue must be considered within the broader context of the entire statutory scheme. *See In re Jacob C.,* 2009 ME 10, ¶ 9, 965 A.2d at 50. Elsewhere in 22 M.R.S. § 4036, a finding of jeopardy does not automatically require that a child be removed from the parent's home, but rather vests the court with great discretion to order a variety of dispositions, including "[n]o change in custody; ... [d]epartmental supervision of the child and family in the child's home; ... [or] [t]hat the child [and] ... the parents ... accept treatment or services to ameliorate the circumstances related to the jeopardy." 22 M.R.S. § 4036(1)(A)-(C) (2009). Furthermore, the court may not remove a child from home unless it "specifically find[s] that remaining in the home is contrary to the welfare of the child." 22 M.R.S. § 4036–B(2) (2009). Construing section 4036(1–A) in context, there is no support for the proposition that a court may not award parental rights and responsibilities to a parent if there is a finding of jeopardy as to that parent. The statutory scheme otherwise authorizes the court to permit a child to remain in a parent's custody even after a finding of jeopardy, *see* 22 M.R.S. § 4036(1)(A)-(C), while that parent engages in reunification and related services. Logic dictates that the same arrangement should be available where, as here, a parent has successfully participated in reunification services and the court has determined that a formal award of parental rights and responsibilities is in the child's best interest.

---

3. In this case, the court entered the order without a request by one of the parents. However, because neither party objects to the order on this basis, the issue of whether the court could have entered the order is not before us.

B. Effect of a Jeopardy Finding on the Best Interest of the Child Determination

■ [¶ 11] The father also contends that because of the finding of jeopardy against the mother, the court abused its discretion in determining that Alivia's best interest was served by primary residence with her.

■ [¶ 12] We review a court's ultimate conclusion regarding the best interest of the child for abuse of discretion, viewing the facts, and the weight to be given them, through the trial court's lens. *In re Thomas H.*, 2005 ME 123, ¶¶ 16–17, 889 A.2d 297, 301–02; *see also In re Michaela C.*, 2002 ME 159, ¶ 27, 809 A.2d 1245, 1253. The judgment of the trial court is "entitled to very substantial deference" because the court is "able to appraise all the testimony of the parties and their experts." *In re Michaela C.*, 2002 ME 159, ¶ 27, 809 A.2d at 1253 (quotation marks omitted).

[¶ 13] In its order, the court acknowledged the jeopardy finding but determined that the parental rights and responsibility order protected the child from jeopardy. It specifically acknowledged the ongoing risk associated with the mother's newfound sobriety and the need for the Department's continued assistance in stabilizing the household. The court's findings, supported by competent evidence in the record, reflect that it carefully considered the mother's present ability to provide Alivia with stability and continuity, the father's unwillingness to foster Alivia's relationship with the mother, and the other factors bearing on Alivia's best interest. *See* 19–A M.R.S. § 1653(3)(A)-(R).[4] The court acted well within its discretion.

The entry is:

Judgment affirmed.

---

4. Title 19–A M.R.S. § 1653(3) (2009) has since been amended by P.L.2009, ch. 593, §§ 1–5 (effective July 12, 2010) (to be codified at 19–A M.R.S. § 1653(3)(A)-(S)).