MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2017 ME 77
Docket:        Yor-16-515
Submitted
  On Briefs:   April 27, 2017
Decided:       May 4, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE RIVER B.

PER CURIAM

[¶1]  The mother of River B. appeals from a judgment of the District Court (Biddeford, *Foster, J.*) terminating her parental rights to her child pursuant to 22 M.R.S. § 4055(1)(B)(2) (2016).  She challenges the sufficiency of the evidence to support the judgment.  Because the evidence supports the court's findings, we affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that the mother is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time reasonably calculated to meet the child's needs; that the mother is unwilling or unable to take responsibility for the child within a time that is reasonably calculated to meet the child's needs; and that the mother has failed to make a good faith effort to reunify with the child.  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii), (iv).  It also found, by clear and convincing

evidence, that termination of parental rights is in the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a). The court based this determination on the following specific findings of fact.

[¶3] The mother is addicted to prescription drugs, including opiates and benzodiazepines, and abuses Neurontin. She also suffers from mental health issues, including post-traumatic stress disorder, major depressive disorder, and anxiety. The mother was arrested for operating a vehicle under the influence with the child's half-sibling in the back seat, and continued to drive after the suspension of her license. She also appeared to be under the influence of drugs during supervised visits with the child.

[¶4] Although the Department has provided her with services to address her addiction and mental health issues, she has not made significant progress in reunifying with the child over the past two years. Notably, despite these services, the mother has persisted in seeking out prescription medications from multiple medical providers and pharmacies across two states under false pretenses and violating provisions of the court's jeopardy order regarding the child.[1] She was dismissed from her psychiatrist's care for

---

[1] The court found that the mother's claim that this drug-seeking behavior was undertaken by an imposter who stole her identity is simply not credible based on abundant evidence in this case. It also found that her claim that two positive drug tests during the pendency of this child protection proceeding were the result of an assailant slipping her drugs without her knowledge is also not

misuse of medications and was not being treated by a psychiatrist at the time of the termination hearing.

[¶5] The child, now almost three and a half years old, was born drug affected. He has been out of the mother's care for two years. He is happy, healthy, and meeting his developmental milestones. He has been living with his paternal grandfather; they are bonded, and the grandfather would like to adopt the child.

[¶6] Given these findings, the court did not err in finding, by clear and convincing evidence, at least one ground of parental unfitness and that termination is in the best interest of the child. *See In re M.S.*, 2014 ME 54, ¶¶ 13, 15, 90 A.3d 443. Nor did it abuse its discretion in determining that termination is in the child's best interest. *See In re Alivia B.*, 2010 ME 112, ¶ 12, 8 A.3d 625. Accordingly, we affirm the judgment.

The entry is:

Judgment affirmed.

---

credible. *See In re I.S.*, 2015 ME 100, ¶ 11, 121 A.3d 105 ("[I]t was within the court's province, as fact-finder, to determine the weight and credibility to be afforded to evidence.").

Valerie A Randall, Esq., Fairfield & Associates, P.A., Portland, for appellant Mother

Janet T. Mills, Attorney General, and Courtney Goodwin, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

Biddeford District Court docket number PC-2015-8
FOR CLERK REFERENCE ONLY