MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2021 ME 30
Docket:       Yor-20-311
Submitted
  On Briefs:  May 19, 2021
Decided:      June 10, 2021

Panel:        MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

ERIC B. LOW

v.

TOMMIE E. LOW

JABAR, J.

[¶1]  Eric B. Low (Ben)[1] appeals from a divorce judgment entered by the District Court (Springvale, *D. Driscoll, J.*) following a one-day hearing.  Ben contends that the court erred and abused its discretion when it granted primary residence of the parties' son to Tommie E. Low, who intends to relocate to Texas.[2]  We affirm the judgment.

## I.  BACKGROUND

[¶2]  Ben and Tommie were married in Texas on July 21, 2005.  They are the parents of one son, who was born in Texas in February 2012.  Ben filed

---

[1]  Eric is referred to as "Ben" because that is his preferred name and the name used most consistently at trial and in the trial court's judgment.  Ben's father, who testified at the hearing, is named Eric D. Low and goes by "Eric."

[2]  Ben also contends that the court erred and abused its discretion when it ordered him to pay retroactive child support.  We do not find his argument persuasive and do not discuss it further.

a divorce complaint in October 2019, and a one-day trial was ultimately held in October 2020. The trial predominantly focused on Tommie's intended relocation to Texas and her desire to bring their son with her. The court found the following facts, all of which are supported by competent evidence in the record. *See Akers v. Akers*, 2012 ME 75, ¶ 3, 44 A.3d 311.

[¶3] Ben is from Maine, and Tommie is from Texas. They met during military training in Texas in January of 2005. They dated for six months and then were married in Texas. The couple moved frequently before returning to Texas, where their son was born. Six months after the child's birth they left Texas and moved to Maine, where they have lived since.

[¶4] Tommie's mother, Irene, lives with her and the child, and before the separation lived with the family in Maine for a while. The child has a close relationship with Irene, who helps care for him daily. The child also has a very close relationship with his paternal grandparents in Maine. Tommie has no family in Maine, and her primary reason for moving to Texas is that she has family support there.

[¶5] The court found that Tommie has always been the primary caregiver for the child. Even when she was attending college full time, she was the decision maker and daily caregiver for him. The court recognized

Tommie's consistent and ongoing commitment to the child[3] while noting that Ben's involvement in the child's school and activities had increased since the parties separated. The court found that Ben has no concrete plan for addressing the child's day-to-day needs should the child reside primarily with him.

[¶6] The court spent considerable time detailing why it was not agreeing with the guardian ad litem's (GAL) recommendation. The GAL's October 2020 recommendation was to grant Tommie primary residence as long as she was in Maine but to shift it to Ben if Tommie moved to Texas. The court found that the GAL "had a difficult family situation to assess." The GAL's memo to counsel on April 1, 2020, indicated that her investigation was complete and recommended primary residence with Tommie even if she moved to Texas. However, on October 15, 2020, a few days before the final hearing, the GAL filed her final report and changed her recommendation, which would have required the child to remain in Maine.

---

[3] The court found that Tommie took care of choosing the child's daycares, pediatricians, and other healthcare providers; that she picked up and dropped him off at daycare, school, and appointments; that Tommie handled all emergencies and illnesses and would rearrange her work schedule or miss work for the child; that Tommie spends her whole weekends with the child; and that Tommie was the main parent involved in the child's school and activities.

4

[¶7] After reviewing the relevant statutory factors,[4] *see, e.g.,* 19-A M.R.S. § 1653(3)(F), (H) (2021), the court found that it was in the child's best interest to remain in the primary custodial care of his mother even if she moves to Texas. Because the court found that the transition away from Tommie would be more detrimental to the child than the transition away from Ben, Tommie was granted primary residence, permitting the relocation of the child to Texas. Ben timely appealed the judgment. *See* 19-A M.R.S. § 104 (2021); 14 M.R.S. § 1901 (2021); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶8] Ben contends that the court erred and abused its discretion when it found that it was in the child's best interest to reside primarily with Tommie, who intends to relocate to Texas with the child.

[¶9] We review the trial court's factual findings for clear error and the ultimate conclusion regarding the child's best interest for an abuse of discretion. *Young v. Young,* 2015 ME 89, ¶ 5, 120 A.3d 106. Substantial deference is given to the trial court "because the court is able to appraise all the testimony of the parties and their experts." *Grant v. Hamm*, 2012 ME 79,

---

[4] The court focused on the motivations of the parties and their capacities to give the child love, affection, and guidance, and the capacity of each parent to allow and encourage frequent and continuing contact between the child and the other parent.

¶ 6, 48 A.3d 789 (quotation marks omitted).  In the context of a parental relocation issue, the court must balance the right of the custodial parent "to engage in interstate travel and to decide where the parent and child will reside, and a non-custodial parent's right to have continuing and meaningful parent/child contact with the child."  *Light v. D'Amato*, 2014 ME 134, ¶ 20, 105 A.3d 447 (quotation marks omitted).  The trial court must balance the rights and interests of the parents while taking into full consideration the child's best interest.  *Id.* ¶ 22.

[¶10]  Here, the court carefully considered the right of each parent to have contact with the child and conducted an extensive best interest analysis. The court also explained why it was disagreeing with the October GAL report on the issue of relocation.  The court's finding that it was in the child's best interest to be with Tommie as the primary caregiver was supported by substantial record evidence.  The court based its decision on the full record and with consideration of each of the statutory factors regarding the child's best interest.  *See Roalsvik v. Comack,* 2019 ME 71, ¶ 7, 208 A.3d 367 ("The weight and credibility of the testimony and other evidence, including GAL reports, is for the fact-finder's determination." (quotation marks omitted)).

[¶11]  In *Light*, a case that Ben relies on to support his claim of error, the court declined to allow primary residence with the mother should she relocate to Italy.  2014 ME 134, ¶ 10, 105 A.3d 447.  However, in that case the court found that that particular child's need for stability and the "substantial support network of friends, paternal family, and neighbors," all explained by the child's therapist, supported the trial court's decision.  *Id.* ¶¶ 3-10.  Here, the court found that Tommie's role as the child's primary caretaker should continue, and "to preclude the historical primary caretaker the opportunity to put herself in the most advantageous position to continue that role is not in the best interest of [the child]."

[¶12]   Given its supported findings, the court did not abuse its discretion in awarding primary residence to Tommie.  *See Daggett v. Sternick*, 2015 ME 8, ¶ 16, 109 A.3d 1137 (holding that "the court did not abuse its discretion in granting primary residence to [the mother] and allowing her to relocate to Florida where the child will also have the substantial benefit of extended family support").

The entry is:

Judgment affirmed.

Albert Hansen, Esq., Hansen Law Offices, PLLC, Kennebunk, for appellant Eric B. Low

Pamela Holmes, Esq., and Mary-Ann Letourneau, Esq., Holmes Legal Group, LLC, Wells, for appellee Tommie E. Low

Biddeford District Court docket number FM-2019-376

FOR CLERK REFERENCE ONLY