MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2023 ME 6
Docket:       And-22-147
Submitted
  On Briefs:  October 19, 2022
Decided:      January 17, 2023

Panel:        STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

ANDREW H. PROCTOR

v.

CHRISTINA S. CHILDS

CONNORS, J.

[¶1]  Christina S. Childs appeals from an amended divorce judgment entered by the District Court (Lewiston, *S. Driscoll, J.*) that, inter alia, granted Andrew H. Proctor contact with their two children three weekends per month, ordered Proctor to pay child support, and allocated one child dependency tax exemption to Proctor.  We vacate the portion of the court's judgment relating to its allocation of the child dependency exemptions and otherwise affirm the judgment.

## I.  BACKGROUND

[¶2]  Proctor and Childs were married in 2013 and have two minor children together.  Several years ago, the couple separated, and the children have since resided primarily with Childs.  On November 5, 2020, Proctor filed

for divorce. On February 17, 2022, the court held a final divorce hearing. At the hearing, Proctor, Childs, and Proctor's aunt testified. The court found the following facts, all of which are supported by competent evidence. *See Douglas v. Douglas*, 2012 ME 67, ¶ 26, 43 A.3d 965.

[¶3] Over the years, Proctor has provided childcare while Childs has been at work. Proctor was briefly incarcerated at the end of 2018 and struggled with substance use disorder, but has since completed his probation, avoided further criminal conduct, and found steady employment. Proctor's apartment is not well suited for contact with his children, but he has extensive support from his family. In the past, Proctor's overnights with his children have occurred at his aunt's house, where the children share a bedroom. The court determined that Proctor's income would be $44,200 in 2022 and that Childs's income would be $19,890 in 2022.

[¶4] The court entered a divorce judgment on March 9, 2022, that, in relevant part, granted Proctor contact with the children three weekends per month, required Proctor to pay child support, allocated one child dependency exemption to each parent annually, and expressly allowed overnight contact at Proctor's aunt's home. Childs and Proctor both moved for further findings of fact, amendment of the judgment, and a new trial. On May 5, 2022, the court

entered an order denying all of Childs's requests relevant to this appeal and issued an amended divorce judgment.[1]  Childs timely appealed from the amended judgment.  *See* 19-A M.R.S. § 104 (2022); 14 M.R.S. § 1901 (2022); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶5]  Childs argues that the court erred and abused its discretion in allocating overnight child contact to Proctor three weekends per month, failing to make child support retroactive to the date of the complaint for divorce, and allocating to Proctor a child dependency exemption for one of the children.

**A.    The trial court did not abuse its discretion in its allocation of overnight child contact.**

[¶6]  "When a court determines parental rights and responsibilities, it applies the best interest of the child standard."  *Grant v. Hamm*, 2012 ME 79, ¶ 6, 48 A.3d 789; *see also* 19-A M.R.S. § 1653(3) (2022).  We review factual findings for clear error and the conclusion regarding the child's best interest for an abuse of discretion, giving substantial deference to the trial court.  *Low v. Low*, 2021 ME 30, ¶ 9, 251 A.3d 735.  In finding facts, "[t]he trial court is the sole arbiter of witness credibility, and it is therefore free to accept or reject portions

---

[1]  The amended judgment modified the amount of child support owed by Proctor and fixed several clerical errors.

4

of the parties' testimony based on its credibility determinations and to give their testimony the weight it deems appropriate." *Sulikowski v. Sulikowski*, 2019 ME 143, ¶ 14, 216 A.3d 893 (citation omitted).

[¶7]  When determining the best interest of the child, the child's safety and well-being are the court's primary concern. *See Bulkley v. Bulkley*, 2013 ME 101, ¶ 13, 82 A.3d 116.  When applying the best interest standard, the court considers several factors, however, including "[t]he relationship of the child with the child's parents and any other persons who may significantly affect the child's welfare," "[t]he stability of any proposed living arrangements for the child," and "[t]he motivation of the parties involved and their capacities to give the child love, affection and guidance."  19-A M.R.S. § 1653(3)(B), (E), (F).

[¶8]  The court did not abuse its discretion in granting Proctor contact with the children three weekends per month because factual findings supported by evidence in the record support the court's conclusion that such contact is in the best interests of the children: Proctor cared for the children when they were younger, is bonded with the children, and has provided continued support and contact since he and Childs separated. *See id.* § 1653(3). The court was free to accept Proctor's and his aunt's testimony that the children have their own bedroom in Proctor's aunt's home and to determine that no

additional measures were necessary to ensure that they had their own sleeping space.

**B.    The trial court did not abuse its discretion in declining to make the award of child support retroactive.**

[¶9]   "Retroactivity of a [child] support award is within the broad discretion of the court." *Nicholson v. Nicholson,* 2000 ME 12, ¶ 9, 747 A.2d 588; *see also Holbrook v. Holbrook*, 2009 ME 80, ¶ 23, 976 A.2d 990 ("As with future support, this court will only overturn a retroactive award of child support if it results in an abuse of discretion.").

[¶10]  The court did not abuse its discretion when it declined to make the child support order retroactive to the date of the divorce filing.  In neither Childs's brief nor her motion for further findings of fact did she articulate a rationale for making support retroactive.  Evidence in the record supports the finding that Proctor had been providing Childs with financial support when asked, and there is no evidence that the children's needs were not being met in the period between the dates of the divorce filing and the trial court's final order.  *Cf. Nadeau v. Nadeau*, 2008 ME 147, ¶ 56, 957 A.2d 108 ("The decision whether to retroactively modify an interim order at the time of the final hearing should account for all relevant factors, including . . . whether the actual needs

6

of the recipients of the interim support were met during the divorce process . . . .").

## C. The trial court failed to make the specific finding required by statute establishing why it was equitable and just to allocate a tax exemption to the parent without primary residency.

[¶11] "We review the court's allocation of dependent tax exemptions for an abuse of discretion." *Bojarski v. Bojarski*, 2012 ME 56, ¶ 25, 41 A.3d 544.

[¶12] Under federal law, "the parent with whom the child shared the same principal place of abode for the greater portion of the calendar year . . . is entitled to claim the dependency exemption." Levy, *Maine Family Law*, § 6.7 at 6-73 to 6-74 (8th ed. 2013) ("Absent an order allocating the exemption, the right to claim a dependency exemption is determined in accordance with federal law."); *see also* 26 U.S.C.S. § 152(c)(4)(B), (e) (LEXIS through Pub. L. No. 117-214). State courts may, however, allocate a tax exemption by ordering the custodial parent to sign a federal tax form releasing the exemption to the non-custodial parent. *See* 19-A M.R.S. § 2007(3)(L) (2022) ("In determining the allocation of tax exemptions for children, the court may consider which party will have the greatest benefit from receiving the allocation."); *Bojarski*, 2012 ME 56, ¶ 26 n.4, 41 A.3d 544.

[¶13]   A court's allocation of a tax dependency exemption to a non-custodial parent constitutes a deviation from the child support guidelines. *See* 19-A M.R.S. § 2007(3)(L).  As such, courts may allocate an exemption only "[i]f the court . . . finds that a child support order based on the support guidelines would be inequitable or unjust."  *Id.* § 2007(1).  Thus, unless the court makes a finding that the support guidelines would produce an inequitable or unjust support order, it must adhere to the support guidelines and may not order a custodial parent to release a dependency exemption.

[¶14]  Here, the trial court failed to explain why it chose to deviate from the child support guidelines by allocating the dependency exemption to Proctor.  We must therefore vacate the judgment as to the allocation of the tax exemption and remand for further findings and a redetermination on this issue.

The entry is:

> The portion of the divorce judgment relating to the allocation of dependency exemptions is vacated.  The judgment is affirmed in all other respects.  Remanded for further proceedings consistent with this opinion.

Verne E. Paradie, Jr., Esq., Lewiston, for appellant Christina S. Childs

Victoria J. Silver, Esq., Boothby, Silver & Ricker, LLC, Turner, for appellee Andrew H. Proctor

Lewiston District Court docket number FM-2020-590
FOR CLERK REFERENCE ONLY