MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2025 ME 96
Docket:      Yor-25-174
Submitted
  On Briefs:  October 29, 2025
Decided:     December 4, 2025

Panel:       MEAD, CONNORS, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

CARSON WATERMAN

v.

GRADY WHEELER

MEAD, J.

[¶1]  Grady Wheeler appeals from a judgment of the District Court (Biddeford, *Janelle, J.*) ordering him to begin paying child support to Carson Waterman.  During the pendency of the parties' motions to modify the underlying parental rights and responsibilities order at issue in this case, Wheeler's son was born, who is not the subject of the court's child support order.  Rather than grant Wheeler an adjustment to his child support obligation, as Wheeler argues is required by 19-A M.R.S. § 2006(5)(A) (2025), the trial court concluded that because Wheeler and Waterman equally provide residential care to their child, Wheeler is not entitled to an adjustment by virtue of the birth of his son.  Because we disagree with the trial court's interpretation

of 19-A M.R.S. § 2006(5)(A), we vacate the court's order and remand for further proceedings.

## I. BACKGROUND

[¶2] Waterman and Wheeler are the parents of a ten-year-old daughter. The parties initially obtained a judgment governing parental rights and responsibilities in 2016. The judgment awarded them shared parental rights and ordered Wheeler to pay child support to Waterman. In 2020, the parties agreed to an amended order on parental rights and responsibilities, which reduced Wheeler's child support obligation to $0 and stipulated that the child "resides equally with both parents." In December 2023, the parties filed opposing motions to modify, with Waterman asking, inter alia, for the court to order Wheeler to begin paying child support again. While the motions were pending, Wheeler's son was born. The son is not a subject of the child support order because Waterman is not his mother.

[¶3] The court, following a hearing, ordered Wheeler to pay Waterman child support and declined Wheeler's request that the court adjust his child support obligation downward because of the birth of his son. The court stated that "Maine's statutory scheme only allows a *nonresidential* parent to claim such an adjustment. [Wheeler] is [the child's] coresidential parent and not her

nonresidential parent." Wheeler filed a motion to alter or amend the judgment pursuant to M.R. Civ. P. 59, requesting that the court adjust its child support calculation given his obligation to his new son. The court denied that request. This appeal timely followed. M.R. App. P. 2B(c).

## II. DISCUSSION

[¶4] While we typically review a court's child support award for an abuse of discretion, we "review de novo questions of statutory interpretation." *McCarthy v. Guber*, 2023 ME 53, ¶ 10, 300 A.3d 804. When we engage in statutory interpretation, "our goal is to give effect to the Legislature's intent. We begin by looking to the plain meaning of the statutory language and construing it to avoid absurd, illogical, or inconsistent results." *Johnson v. Smith*, 1999 ME 168, ¶ 6, 740 A.2d 579. "All words in a statute are to be given meaning, and no words are to be treated as surplusage if they can be reasonably construed." *Cent. Me. Power Co. v. Chevereux Marine, Inc.*, 2013 ME 37, ¶ 8, 68 A.3d 1262 (quotation marks omitted).

[¶5] Wheeler argues that the court erred when it denied him an adjustment in his child support obligation under 19-A M.R.S. § 2006(5)(A). According to section 2006(5)(A), "[w]hen the parent who is *not the primary care provider* is legally obligated to support a child in that party's household

other than the child for whom a support order is being sought, an adjustment must be made to that party's parental support obligation."  (Emphasis added.) The issue in this case hinges on whether Wheeler is "the parent who is not the primary care provider."  Title 19-A M.R.S. § 2001(8) (2025) defines "[p]rimary residential care provider" as "the party who provides residential care for a child for more than 50% of the time on an annual basis *if the parents do not provide substantially equal care*."  (Emphasis added.)   When parents provide substantially equal care, as defined by section 2001(8-A),[1] a special child support calculation is required pursuant to section 2006(5)(D)-(D-1).

[¶6]  Section 2006(5)(A) presupposes that a primary care provider, and therefore a parent who is *not* the primary care provider, can be identified based upon the facts of a particular case.  However, in a case where the facts establish that each parent contributes equally to all aspects of child care, the plain language of the statute simply does not apply—neither party can be deemed the primary care provider.  If a party could provide substantially equal care and be a primary care provider, portions of section 2001(8) would be meaningless, and the language of section 2001(8-A) would be undermined.  Additionally,

---

[1]  "'Substantially equal care means' "that both parents participate substantially equally in the child's total care, which may include, but is not limited to, the child's residential, educational, recreational, child care and medical, dental and mental health care needs."  19-A M.R.S. § 2001(8-A).

2006(5)(A)'s statement that only the "parent who is not *the* primary care provider" (emphasis added) can obtain an adjustment suggests that only one parent may be the primary care provider for the purposes of the statute, contrary to Waterman's argument that both parents in this case are primary residential care providers. Following this logic, we conclude that when parents provide substantially equal care, neither of them is "the primary care provider" that section 2006(5)(A) references. Since these parents are not "the primary care provider," section 2006(5)(A) allows them a child support adjustment if they are obligated to care for another child.

[¶7]  In this matter, the parties have established that they contribute equally to support of their child, and it is undisputed that Wheeler is legally obligated to support his son. Because the parties provide for their child equally, Wheeler cannot be the child's primary care provider. Instead, he is a "parent who is not the primary care provider" and is entitled to an adjustment of his child support obligation in accordance with section 2006(5)(A). *Sutherland v. Morrill*, 2008 ME 6, ¶ 6, 940 A.2d 192 ("The guidelines provide that a court *must* adjust child support when the parent who is not the primary care provider is legally obligated to support a child in her or his household who is not the subject of the child support order being sought."). Because the court did not

make the required adjustment, we vacate the child support order and remand the matter for recalculation of child support pursuant to section 2006(5)(A).

The entry is:

> Child support order vacated. Remanded for further proceedings consistent with this opinion.

---

Gregory O. McCullough, Esq., Sanford Law Offices, Sanford, for appellant Grady Wheeler

Wendy S. Moulton, Esq., Rose Law, LLC, York, for appellee Carson Waterman

Springvale District Court docket number FM-2016-179
FOR CLERK REFERENCE ONLY