MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2026 ME 29
Docket:       Ken-25-283
Submitted
  On Briefs:  December 30, 2025
Decided:      March 26, 2026

Panel:        MEAD, CONNORS, DOUGLAS, and LIPEZ, JJ., and HORTON, A.R.J.

ALEXIS HARRIMAN

v.

DILLON LAMOTHE et al.

CONNORS, J.

[¶1]   Dillon Lamothe appeals from a judgment of the District Court (Augusta, *Dufour, J.*) ordering him to pay a weekly child support obligation of $196.04 to Alexis Harriman and Tucker Rowland.  Lamothe argues that the court abused its discretion by deviating from the presumptive child support obligation of $22.62.  Because the court did not make a finding that the application of the guideline amount would be inequitable or unjust, and that finding is essential to appellate review, we vacate the order and remand for further proceedings.

## I.  BACKGROUND

[¶2]  Lamothe, Harriman, and Rowland are the legal parents of the child at issue in this case.  Harriman and Rowland are married, share a household,

and have three other children together. In 2022, Rowland filed a complaint for parental rights and responsibilities, and a final hearing was held on March 24 and April 8, 2025. The court awarded shared parental rights and responsibilities and shared primary residence to all three parents.

[¶3] The court calculated the presumptive child support obligation using Lamothe's income and Rowland and Harriman's shared household income. It applied the guidelines for parents who provide substantially equal care, employing both the standard child support worksheet and the supplemental worksheet. *See* 19-A M.R.S. § 2006(5)(D-1) (2025). This calculation resulted in a presumed weekly child support obligation of $22.62 owed by Lamothe to Harriman and Rowland. The court deviated from this amount, however, finding that Harriman and Rowland's three other children are "actually financially dependent" on them, 19-A M.R.S. § 2007(3)(K) (2025), and instead setting Lamothe's weekly support obligation at $196.04.

[¶4] Lamothe filed a motion for further findings of fact, *see* M.R. Civ. P. 52(b), which the court denied. Lamothe timely appealed. *See* M.R. App. P. 2B(c)(2).

## II. DISCUSSION

[¶5]  "We review a deviation from the statutorily presumptive child support guidelines for an abuse of discretion . . . ." *Sullivan v. George*, 2018 ME 115, ¶ 12, 191 A.3d 1168 (quotation marks omitted).  When a party makes a timely motion for further findings of fact pursuant to M.R. Civ. P. 52(b), "the trial court must ensure that the judgment is supported by express factual findings that are based on record evidence, are sufficient to support the result, and are sufficient to inform the parties and any reviewing court of the basis for the decision." *Ehret v. Ehret*, 2016 ME 43, ¶ 9, 135 A.3d 101.  When the court denies a motion for further findings, we cannot infer findings from the record, and "if the judgment does not include specific findings that are sufficient to support the result, appellate review is impossible." *Id.*

[¶6]  There are two avenues by which a court may adjust a presumptive child support award because a parent has other children they are legally obligated to support in their home.  First, under 19-A M.R.S. § 2006(5)(A), "[w]hen the parent who is not the primary care provider is legally obligated to support a child in that party's household other than the child for whom a support order is being sought, an adjustment must be made to that party's parental support obligation."  Second, a court may deviate from the child

4

support guidelines under 19-A M.R.S. § 2007(1) and (3)(K) when it finds that application of the presumptive support amount would be "inequitable or unjust" due to

> [t]he existence of other persons who are actually financially dependent on either party. . . . If the primary care provider is legally responsible for another minor child who resides in the household and if the computation of a theoretical support obligation on behalf of the primary care provider would result in a significantly greater parental support obligation on the part of the nonprimary care provider, that factor may be considered.[1]

[¶7] In this case, the court based the deviation from the child support guidelines in section 2007(3)(K), because it construed the adjustment required by section 2006(5)(A) as inapplicable when the parents "are co-primary care providers." The court did not find, however, that the application of the

---

[1] We note that the application of the last sentence of section 2007(3)(K) appears to operate to allow a nonprimary care provider to obtain a *downward* deviation based on the court's theoretical support calculation. Section 2006(5)(A) provides a method for calculating the theoretical amount:

> The adjustment is made by using the nonprimary residential care provider's annual gross income to compute a theoretical support obligation under the support guidelines for each child in that household. Neither the child support received by nor the financial contributions of the other parent of each child in the household are considered in the theoretical support calculation. The obligation is then subtracted from the annual gross income, and the adjusted income is the amount used to calculate support.

This method is used in section 2006(5)(A) to calculate an adjustment for a nonprimary care provider who has dependent children in the household. It appears that section 2007(3)(K) contemplates the use of a similar calculation—apparently substituting the primary care provider for the nonprimary—to allow a court to consider granting a downward deviation for a nonprimary caregiver who would otherwise be subsidizing the primary caregiver's obligations to other dependents.

guideline amount would be "inequitable or unjust," as required by section 2007(1). We have previously said that "unless the court makes a finding that the support guidelines would produce an inequitable or unjust support order, it must adhere to the support guidelines." *Proctor v. Childs*, 2023 ME 6, ¶ 13, 288 A.3d 815; *see also Bahn v. Small*, 2019 ME 69, ¶ 8 n.4, 207 A.3d 1211 (stating that an order deviating from the child support guidelines violates the requirements of the child support statute if there is no finding that the presumptive amount is inequitable or unjust).

[¶8] Additionally, we have recently held that when parents provide substantially equal care to the child, *see* 19-A M.R.S. § 2001(8-A) (2025),[2] neither of them is the primary residential care provider as that term is used in section 2006(5)(A), and therefore either may be allowed an adjustment. *Waterman v. Wheeler*, 2025 ME 96, ¶ 6, 347 A.3d 1028. Therefore, the court's determination that section 2006(5)(A) does not apply in this case is not necessarily correct. Here, while there was also no finding that the parents provide substantially equal care for the child, the court calculated the presumptive support amount as if the parents provide substantially equal care.

---

[2] "'Substantially equal care' means that both parents participate substantially equally in the child's total care, which may include, but is not limited to, the child's residential, educational, recreational, child care and medical, dental and mental health care needs." 19-A M.R.S. § 2001(8-A).

6

If the parents do provide substantially equal care, the court's decision not to adjust the support obligation in accordance with section 2006(5)(A) was in error. *See id.* ¶¶ 6-7; *Sutherland v. Morrill*, 2008 ME 6, ¶¶ 6-7, 940 A.2d 192.

[¶9]  In this case, the trial court did not make the findings required by section 2007, and we cannot "attribute to the court's analysis any findings or conclusions other than those explicitly articulated in its judgment" because it denied Lamothe's motion for further findings. *Sullivan*, 2018 ME 115, ¶¶ 13, 17, 191 A.3d 1168.  We therefore vacate the judgment as to the child support order and remand for further findings on this issue.

The entry is:

> Child support order vacated.  Remanded for further proceedings consistent with this opinion.

---

Thomas Nale, Esq., Waterville, for appellant Dillon Lamothe

Appellee did not file a brief

Augusta District Court docket number FM-2022-333
For Clerk Reference Only